IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent. | § | |
| | § | |
| v. | § | NO. 2:95-CR-009-J (2) |
| | § | |
| BRENDA LEE FINE, | § | **ECF** |
| Defendant-Petitioner, | § | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO CORRECT
JUDGMENT PURSUANT TO FED. R. CIV. PROC. 60(a)**

The government opposes Fine's motion to correct judgment pursuant to

FED.R.CIV.PROC. 60(a).

**I. BACKGROUND**

On September 5, 1995, a jury found Fine guilty of one count of conspiracy to

defraud the United States and aiding and abetting, in violation of 18 U.S.C. §§ 371 and 2;

one count of conspiracy to commit murder and aiding and abetting, in violation of 18

U.S.C. §§ 1117 and 2; three counts of mail fraud and aiding and abetting, each in

violation of 18 U.S.C. §§ 1341 and 2; and one count of murder within the special

maritime and territorial jurisdiction of the United States and aiding and abetting, in

violation of 18 U.S.C. §§ 7, 11 and 2.  On November 7, 1995, Fine filed a motion for new

trial.  On November 8, 1995, this Court sentenced her to life imprisonment.  After

conducting a hearing on Fine's motion for new trial, this Court denied the motion on

**Response in Opposition to Motion to Correct Judgment Pursuant to FED. R. CIV. PROC. 60(a)**
**Page 1**

December 1, 1995.  On July 8, 1996, Fine's convictions and sentence as well as the denial

of her motion for new trial were affirmed on direct appeal.  *United States v. Bratcher*,

95 F.3d 49 (5th Cir. 1996) (unpublished).

On May 23, 2000, Fine filed a petition for a writ of habeas corpus under 28 U.S.C.

§ 2241 in case number 4:00-CV-128-Y.  On April 6, 2000, United States District Judge

Terry R. Means summarily dismissed the motion with prejudice, finding that Fine was

challenging errors that were alleged to have occurred during or before sentencing and her

claims should be raised in a motion under 28 U.S.C. § 2255.  Fine filed a notice of appeal.

On October 17, 2000, the Fifth Circuit affirmed the dismissal of Fine's section 2241

motion.  *Fine v. Bogan*, 235 F.3d 1340 (5th Cir. 2000) (unpublished).

On May 2, 2001, Fine filed a motion to vacate her sentence under 18 U.S.C. §

2255.  On January 18, 2002, the motion to vacate was dismissed as time-barred.  Fine

filed a notice of appeal, but on April 3, 2003, the Fifth Circuit denied her request for a

certificate of appealability.  On July 18, 2003, Fine filed a motion for appointment of

counsel, which was denied by this Court on July 21, 2003.  Fine again filed a notice of

appeal.  On April 21, 2004, the Fifth Circuit dismissed her appeal as frivolous and warned

Fine that the filing of frivolous motions and appeals in the future could result in

sanctions.  *United States v. Fine*, 95 Fed.Appx. 557 (5th Cir. 2004) (unpublished).

On August 21, 2003, Fine filed a second petition for a writ of habeas corpus under

28 U.S.C. § 2241 in case number 4:03-CV-894-Y.  On December 10, 2003, United States

**Response in Opposition to Motion to Correct Judgment Pursuant to FED. R. CIV. PROC. 60(a)**
**Page 2**

District Judge Terry R. Means dismissed the petition for lack of jurisdiction.  Fine filed

the instant motion to correct judgment pursuant to FED.R.CIV.PROC. 60(a) on February

10, 2009.

### 1.  *The Applicable Law*

Petitioner Fine bases her instant motion on FED. R. CIV. P. 60, which provides, in

pertinent part:

> (a) **Corrections on Clerical Mistakes; Oversights and Omissions.**  The court may correct a clerical mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) **Timing.**  A motion under 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

The portion of 28 U.S.C. § 2255 that relates to second and successive motions provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The portion of 28 U.S.C. § 2244 referred to *supra* in § 2255 relating to applications to

courts of appeal for second or successive motions provides:

(3)(A) before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) a motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) the court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application

**Response in Opposition to Motion to Correct Judgment Pursuant to FED. R. CIV. PROC. 60(a)**
**Page 4**

> satisfies the requirements of this subsection.
> (D) the court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) the grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject for a petition for rehearing or a writ of certiorari.

With these fundamentals in mind, we turn to the claims raised here by Fine.

### 2. *What Part of Rule 60 Does Fine Seek to Invoke?*

In the caption to her application, Fine characterizes her pleading as being pursuant to Rule 60(a). If this is Fine's actual intention, disposition of the application is simple. As a reading of Rule 60(a), *supra*, makes clear, it applies only to *clerical* errors. The Fifth Circuit is very clear on this point: "Rule60(a) is available only when a mistake is clerical in nature." *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 (5th Cir. 1999), *citing James v. Anderson-Tully Co.*, 722 F.2d 211, 212 (5th Cir. 1984). The *Rutherford* court went on to state: "[C]orrection of an error in substantive judgment is outside the reach of Rule 60(a)." *Id.*, *citing In re West Texas Marketing Corp.*, 12 F.3d 497, 503 (5th Cir. 1994).

Fine does not allege, and there is certainly no evidence that, this Court made a simple clerical error when it denied Fine's prior § 2255 motion. The Court clearly

**Response in Opposition to Motion to Correct Judgment Pursuant to FED. R. CIV. PROC. 60(a)**
**Page 5**

intended to do exactly what it did: deny Fine the relief she sought.  In those circumstances Rule 60(a) provides no possible avenue of relief.

It is likely that Fine actually intends to seek relief based on some portion of Rule 60(b) – but exactly which part cannot readily be divined from her pleadings.  Because the basic result will be the same for a motion under any part of Rule 60(b), the government will not pursue this inquiry further.

### 3. *The Rule 60 Motion is Actually a Second and Successive § 2255 Motion.*

The Fifth Circuit has made clear that motions under Rule 60(b) seeking to correct judgments in prior unsuccessful § 2255 motions – exactly what Fine seeks to do here – are actually second or successive motions under § 2255, and are to be treated as such by district courts.  That court extensively discussed this issue in *United States v. Rich*, 141 F.3d 550 (5th Cir. 1998).  There, the court held as follows:

> Accordingly, we reaffirm this circuit's agreement with the majority of other circuits that courts may treat a Rule 60(b) in habeas corpus proceedings as a successive petition under § 2255.  As the Eleventh Circuit recently noted, "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions.  That was true before [AEDPA] was enacted, and it is equally true, if not more so, under the new act." [*Felker v. Turpin,* 101 F.3d 657, 661 (11th Cir. 1996)].

The Fifth Circuit continues to apply this rule.  In *United States v. Estrada*, 162 Fed. Appx. 359 (5th Cir. 2006), the court again considered a Rule 60(b) motion to modify a previously denied § 2255 motion.  The court held:

**Response in Opposition to Motion to Correct Judgment Pursuant to FED. R. CIV. PROC. 60(a)**
**Page 6**

> Estrada's challenge to the constitutionality of his sentence is properly classified as an attempt to file a second or successive § 2255 motion, regardless whether it was filed pursuant to FED. R. CIV. P. 60(b)(2) or FED. R. CIV. P. 60(b)(4).

162 Fed. Appx. at 360, *citing Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999) and

*Rich*, 141 F.3d at 551-553.

It is thus clear that this Court should treat Fine's Rule 60 motion as what both

reality and the law dictate it is: a second and successive § 2255 motion.

### 4.  As a Second or Successive § 2255 Motion, This Motion Should be Dismissed or Denied.

As was described *supra*, § 2255 makes very clear that before any movant can file a

second or successive motion under its provisions, they must apply to the appropriate court

of appeals and receive permission to do so.  Fine does not allege that she has done this,

and the record contains no indication that the Fifth Circuit has authorized this second or

successive motion.

What is the consequence of this failure?  The Fifth Circuit answered that question

very clearly in *Rich*:

> As stated, a successive § 2255 motion requires certification by the court of appeals prior to filing.  28 U.S.C. §§ 2244, 2255.  As the district court noted, Rich has not complied with this requirement; therefore the district court *correctly dismissed Rich's petition*.

**Response in Opposition to Motion to Correct Judgment Pursuant to FED. R. CIV. PROC. 60(a)**
**Page 7**

141 F.3d at 553. (Emphasis added.)  A similar consequence was found appropriate in

*Estrada*:

> There is no indication in the record that Estrada requested this court's permission to file a second or successive 28 U.S.C. § 2255 motion before filing his motion and Estrada does not con tend that he has done so.  *See* §§ 2244(b)(3)(A), 2255.  Therefore, the district court did not abuse its discretion in denying Estrada's motion.

162 Fed. Appx. at 360-361, *citing McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004).

It is thus clear that this Court should either dismiss or deny Fine's motion.

### 5.  *Lack of a Sound Factual Basis.*

While the factual soundness of Fine's motion has no bearing on whether it is a

second or successive § 2255 motion that must be dismissed because it has not been

authorized by the Fifth Circuit, the government would take this opportunity to note that

the lynchpin upon which Fine bases her claim – the fact that Governor William P.

Clements, Jr. did not sign the document ceding jurisdiction – is not factually accurate.

Filed herewith is an Appendix containing a copy of the letter bearing the signature of

Governor Clements.  Again this has no bearing on the Court's obligation to treat Fine's

motion as a second or successive § 2255 motion, but is provided solely for the

information of the Court and Fine.

## 6. CONCLUSION

The record conclusively shows that Fine is not entitled to relief.  Her motion should be treated as a second or successive § 2255 motion and dismissed because she has not obtained the necessary consent from the Fifth Circuit to file such a motion.

Respectfully submitted,

JAMES T. JACKS
ACTING UNITED STATES ATTORNEY

/s/ Marc W. Barta
MARC W. BARTA
Assistant United States Attorney
Texas State Bar No. 01838200
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8645
Facsimile: 214.767.2846
marc.barta@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2009, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this notice as service of this document by electronic means: Joseph A. Turner.  I certify that a copy was also sent to Christopher M. Perri, 2906 N. Broadway, #3, Chicago, IL, 60657, by first class mail.

/s/ Marc W. Barta
Marc W. Barta
Assistant U.S. Attorney

**Response in Opposition to Motion to Correct Judgment Pursuant to FED. R. CIV. PROC. 60(a)**
**Page 9**